IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| ALI CHANDLER<br>ABDULLAH HARTAGE | : | VIOLATIONS:<br>18 U.S.C. § 1951 (conspiracy to commit robbery which interferes with interstate commerce – 1 count)<br>18 U.S.C. § 1951(a) (robbery which interferes with interstate commerce – 2 counts)<br>18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this second superseding indictment:

1. Koban Beverage ("Koban Beverage"), located at 41 North MacDade Boulevard in Glenolden, Pennsylvania was a business engaged in and affecting interstate commerce, by providing customers with goods and services produced, purchased, and transported from other states to Pennsylvania.

2. Crazy Wave ("Crazy Wave"), located at 4229 North Broad Street in Philadelphia, Pennsylvania, was a business engaged in and affecting interstate commerce, by providing customers with goods and services produced, purchased, and transported from other states to Pennsylvania.

3. From at least in or around October 2021 through on or about December 14, 2021, in Philadelphia, Middletown Township, and Montgomery Township, in the Eastern District of Pennsylvania, and elsewhere, defendants

**ALI CHANDLER and
ABDULLAH HARTAGE**

conspired and agreed together, and with others known and unknown to the grand jury, to unlawfully obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, in that defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, conspired to unlawfully take and obtain money and other items of value from Koban Beverage and Crazy Wave, by breaking into the homes of the victims that owned and were employed by these businesses, to steal the proceeds from their business against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person and property, all in violation of Title 18, United States Code, Section 1951(a), (b)(1), and (b)(3).

**MANNER AND MEANS**

It was part of the conspiracy that defendants ALI CHANDLER and ABDULLAH HARTAGE, and others, known and unknown to the grand jury:

4. Planned to commit armed robberies targeting business owners and employees of businesses identified in paragraphs 1 and 2;

5. Conducted surveillance of the victim businesses and victim employees and owners of those business;

6. Used cellular telephones to communicate with each other before, during, and after the robberies, and to otherwise facilitate the commission of their crimes;

      7.    Used firearms and zip-ties to facilitate the commission of the robberies, specifically to threaten, intimidate, and subdue the victims;

      8.    Physically assaulted, threatened, abused and intimidated, and attempted to do so, the victims;

      9.    Stole and attempted to steal the victims' personal belongings, including money, jewelry, and other items of value; and

      10.    Fled from the victims' homes in vehicles and met to divide the stolen items among the members of the group.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants ALI CHANDLER and ABDULLAH HARTAGE, and others, known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

      1.    On or about November 13, 2021:

          a.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others, known and unknown to the grand jury, planned to forcibly enter the residence of V.K., M.T., and E.K., located in Middletown Township, Pennsylvania, to steal money and other items of value they believed were proceeds of Koban Beverage, a business owned and operated by V.K. and M.T.

          b.    Prior to the robbery, defendants ALI CHANDLER and ABDULLAH HARTAGE communicated by telephone.

          c.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and

others known and unknown to the grand jury, waited until V.K., M.T., and E.K. left the business for the evening then traveled together in defendant ABDULLAH's 2011 Nissan Armada to the victims' residence in Middletown Township, Pennsylvania.

   d. Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, arrived on the victims' street in Middletown Township, Pennsylvania, approximately ten minutes before the victims.

   e. As V.K., M.T., and E.K. arrived home, Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, entered the garage armed with firearms and pointed the firearms at V.K., M.T., and E.K.

   f. One of the men pointed a firearm at victim M.T., demanded her car keys, forced her into her residence at gunpoint, and struck her several times in the head.

   g. After the victims' home security alarm sounded, defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, fled the home.

   h. As they were fleeing, defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, stole a backpack containing personal items such as credit and debit cards from victim E.K. and a vehicle key fob from victim M.T.

   i. Approximately one hour after the robbery, defendant ALI CHANDLER used, and attempted to use, credit and debit cards stolen from victim E.K. at a gas station in Philadelphia.

   2. From on or about November 15, 2021, through December 4, 2021:

      a.      Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, planned to commit a robbery at the home of J.C., located in Montgomery Township, Pennsylvania, to steal proceeds of Crazy Wave, a business owned by J.C.'s relative and where J.C. worked.

      b.      Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, conducted surveillance at Crazy Wave and followed J.C. to learn where J.C. lived.

      c.      Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, conducted surveillance on J.C. to learn J.C.'s travel routine and habits.

      d.      Defendants ALI CHANDLER and ABDULLAH HARTAGE communicated through text messages to share information obtained through their surveillance and to discuss details of the planned burglary.

      e.      On December 4, 2021, defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, waited outside Crazy Wave until J.C. left for the evening.

      f.      Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, traveled together in two vehicles, a 2011 Nissan Armada and a Jeep Liberty registered to a person known to the grand jury, armed with firearms and zip ties.

      g.      Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, used telephones to communicate before, during,

and after the robbery.

      h.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, arrived at J.C.'s home in Montgomery Township, Pennsylvania, approximately ten minutes before J.C. and waited until J.C. entered the home to force entry.

      i.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, held J.C. at gunpoint while one said, "I know where you work."

      j.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, restrained J.C. with zip ties, and pistol whipped and beat J.C. about the face.

      k.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, ransacked the home, locating a safe that contained approximately $60,000, and other valuables in the main bedroom.

      l.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, fled the home with the safe and its contents, and other valuables, leaving J.C. bound with zip ties.

      m.    Defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, met later to split the proceeds of the robbery.

3.    On or about December 6, 2021:

      a.    Defendant ABDULLAH HARTAGE and a person known to the grand jury, discussed committing a robbery of Grace House located on the 500 block of North

63rd Street in Philadelphia, to steal the proceeds of the business.

        b.    A person known to the grand jury sent a text message to ABDULLAH HARTAGE that included a screenshot of a street view of the 500 block of North 63rd Street with a yellow arrow drawn pointing to Grace House restaurant. Defendant ABDULLAH HARTAGE replied "good jawn too they got something."

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 and 4 through 10, and Overt Act 1 of Count One of this indictment are incorporated here.

2. On or about November 13, 2021, in Middletown Township, Delaware County, in the Eastern District of Pennsylvania, defendants

**ALI CHANDLER and
ABDULLAH HARTAGE,**

and others known and unknown to the grand jury, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that defendants CHANDLER and HARTAGE, and others known and unknown to the grand jury, unlawfully attempted to take and obtain, and aided and abetted the attempted unlawful taking and obtaining of, property, that is, business assets of Koban Beverage, located at 41 North MacDade Boulevard in Glenolden, Pennsylvania, from the owners of that business, against their will, by means of actual or threatened force, violence, and fear of injury, immediate and future to their persons and property, that is, by forcibly entering the home of V.K., M.T., and E.K. while brandishing firearms and physically restraining and striking the victims to steal money and property.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 2 and 4 through 10, and Overt Act 2 of Count One of this indictment are incorporated here.

    2.    On or about December 4, 2021, in Montgomery Township, Montgomery County, in the Eastern District of Pennsylvania, defendants

**ALI CHANDLER and
ABDULLAH HARTAGE,**

and others known and unknown to the grand jury, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that defendants ALI CHANDLER and ABDULLAH HARTAGE, and others known and unknown to the grand jury, unlawfully attempted to take and obtain, and aided and abetted the attempted unlawful taking and obtaining of, property, that is, business assets of Crazy Wave, located at 4229 North Broad Street in Philadelphia, Pennsylvania, from J.C., against her will, by means of actual or threatened force, violence, and fear of injury, immediate and future to her person and property, that is, by entering the home of J.C. while brandishing firearms, restraining her with zip ties and striking her, to steal money and property.

    In violation of Title 18, United States Code, Sections 1951(a) and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1951(a), set forth in this indictment, defendants

**ALI CHANDLER and<br>ABDULLAH HARTAGE,**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, including, but not limited to, the sum of $60,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
JACQUELINE C. ROMERO
UNITED STATES ATTORNEY

No. _____

**UNITED STATES DISTRICT COURT**
Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA
vs.
**ALI CHANDLER**
**ABDULLAH HARTAGE**

**INDICTMENT**

18 U.S.C. § 1951 (conspiracy to commit robbery which interferes with interstate commerce – 1 count)
18 U.S.C. § 1951(a) (robbery which interferes with interstate commerce – 2 counts)
18 U.S.C. § 2 (aiding and abetting)

Notice of forfeiture



Filed in open court this _____ day,
of ___August___ A.D. 20 22

_____ Foreman

_____ Clerk

Bail, $ _____